Robert Ahdoot
*rahdoot@ahdootwolfson.com*
Tina Wolfson
*twolfson@ahdootwolfson.com*
Brad King
*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310.474.9111; Fax: 310.474.8585

Joseph J. Siprut (*Pro Hac Vice* Application Forthcoming)
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Tel: 312.236.0000; Fax: 312.241.1260

Attorneys for Plaintiff,
RANASEE MALDONADO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| RANASEE MALDONADO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., a South Dakota association, <br><br> Defendant. | CASE NO. 3:15-cv-02333 <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT

Plaintiff Ranasee Maldonado ("Plaintiff") brings this Class Action Complaint against Defendant Wells Fargo Bank, N.A. ("Defendant"), on behalf of herself and all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant is a national banking association that offers a multitude of lending products, including mortgages for residential homes. Defendant sent (or directed to be made on its behalf) calls to the wireless telephones of Plaintiff and each of the members of the Class without prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendant to make calls to their wireless telephones.

3. By making such unauthorized calls, Defendant caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited calling activities, an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

6. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in California and, therefore, Defendant is deemed to be a citizen of the State of California. Accordingly, Defendant is subject to general jurisdiction in the State of California.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

8. Intradistrict Assignment: Pursuant to Civil Local Rules 3-2(c) a substantial part of the events or omissions which give rise to Plaintiff's claims occurred in San Francisco County, and it is therefore appropriate to assign this action to the San Francisco Division.

## PARTIES

9. Plaintiff Ranasee Maldonado is an individual domiciled in Los Angeles County, California.

10. Defendant Wells Fargo Bank, N.A. is a national banking association chartered in Sioux Falls, South Dakota and acts and operates as a mortgage lender with a principal place of business at 420 Montgomery Street, San Francisco, California 94104.

## FACTUAL BACKGROUND

11. Companies have employed advance technologies that make it easier to call wireless telephones. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[1]

12. At all relevant times, Plaintiff was the subscriber of the wireless telephone number ending in 0019.

---

[1] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: ADAPTING CONSUMER PROTECTION TO CHANGING TECHNOLOGY 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

13. On or about December 17, 2014 at 2:30 p.m. and January 9, 2015 at 2:30 p.m. and 6:00 p.m., Plaintiff received calls to her wireless telephone.

14. Plaintiff's caller identification system listed the calling number as 1-800-225-5935.

15. According to public records, Defendant is the subscriber of the phone number 1-800-225-5935. *See* Exhibit A, attached hereto.

16. Upon answering the call, an automated voice informed Plaintiff that the caller was "Wells Fargo," and asked Plaintiff to call a number regarding her purported home mortgage payments.

17. Plaintiff called the number provided by Defendant and informed Defendant's representative(s) that she does not have a mortgage with Defendant, let alone own a home.

18. Plaintiff also stated that she has not had an account of any kind with Defendant since 2006.

19. Nevertheless, Defendant continued to call Plaintiff's wireless telephone.

20. On information and belief, Defendant has made and continues to make phone calls to Plaintiff's and the Class members' wireless phones without prior express written consent as part of its debt collection campaign for purportedly past-due mortgage payments.

21. Defendant made or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

22. On information and belief, Defendant made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

23. In another court, Defendant admitted to the following:

> The parties agree on the following facts. Wells Fargo uses a predictive dialer called the "Conversations System" to communicate with customers. A predictive dialer is a type of automatic telephone dialing system that uses generated, stored, or otherwise entered phone numbers to automatically make outgoing telephone calls. Wells Fargo's predictive dialer also has the capacity to connect

> available call center agents with successully completed outbound calls.
>
> One component of the Conversations System, the universal server, stores or produces phone numbers to be dialed. The universal server then passes the numbers on to the digital communications processor, which dials them. When an outbound call is successfully dialed, the digital communications processor can either play a prerecorded message or connect the call to the desk phone of an available call center agent.[2]

24. Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Defendant to call their wireless phones.

## CLASS ALLEGATIONS

25. Plaintiff brings this action, as set forth below, on behalf of herself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more phone calls without prior express consent of the called party from or on behalf of Defendant Wells Fargo Bank, N.A. placed by an automatic telephone dialing service or by an artificial or prerecorded voice in an effort to collect on a consumer mortgage account (the "Class").

Excluded from the Class are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

26. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

27. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by

---

[2] *Dobbin v. Wells Fargo Auto Fin., Inc.*, 2011 WL 2446566, at *1 (N.D. Ill. June 14, 2011).

Defendant's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

28. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.    whether Defendant's conduct constitutes a violation of the TCPA;

    b.    whether the equipment Defendant (or someone on Defendant's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    c.    whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    d.    whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

    e.    whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

29. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

30. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other Class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff

intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and her counsel.

31. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

32. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

### Violation of the TCPA, 47 U.S.C. § 227

### (On behalf of the Class)

33. Plaintiff incorporates by reference the foregoing factual allegations as if fully set forth herein.

34. Defendant and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

35. Defendant made the calls, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

36. Defendant utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

37. Defendant made the calls, or had them sent on its behalf, using an artificial and/or prerecorded voice.

38. By making the calls to Plaintiff and the Class, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

39. Should the Court determine that Defendant's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

B. Awarding of actual or statutory damages;

C. Requiring Defendant to cease all wireless phone call activities initiated without prior express consent, and otherwise protecting the interests of the Class;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: May 26, 2015

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

By: _____
Robert Ahdoot
*rahdoot@ahdootwolfson.com*
Tina Wolfson
*twolfson@ahdootwolfson.com*
Bradley King
*bking@ahdootwolfson.com*
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310.474.9111
Fax: 310.474.8585

Joseph J. Siprut*
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
Tel: 312.236.0000
Fax: 312.241.1260

**Pro hac vice* application forthcoming

Counsel for Plaintiff,
RANASEE MALDONADO

8
CLASS ACTION COMPLAINT